The Chief Justice
delivered the opinion of the court.
This is an appeal taken by the defendant from a judgment rendered for the plaintiff in an action of ejectment.
The only question made in the case, grows out of a bill of exception, filed by the defendant in the court below. *106 The bill of exception states, in substance, that on the trial tlie defendant proved that his patent for a pre-emption of 1000 acres, embraced the land in controversy; that, by virtue of his patent, he entered upon the tract described by it, and improved and lived upon it upwards of twenty years before the commencement of the suit, and that occasionally during that time, he cut and used timber on the land in controversy, for fuel, building, &e. at pleasure, without interruption; and that for two years, at least, had a sugar camp on it, still claiming it as his own, although he did not actually enclose or cultivate any part of it, and it was still timbered as well as the other lands generally in the neighborhood: that it also appeared that the plaintiff had been in possession of a part of his survey more than twenty years, but had exercised no particular act of ownership on the land in controversy, although he was not shown to have abandoned his claim in any way. Whereupon, the defendant moved the court to instruct the jury, that should they be of opinion, from the evidence, that the defendant had, under his title, so used the land in controversy for fuel and other purposes of husbandry, for more than twenty years next preceding the commencement of this suit, the plaintiff, by law, could not recover: but the court overruled the motion, deciding that the occasional use, without inclosing or cultivating the land in dispute, did not give a defence.
⅞⅛ be preí sumed by the appellate ot’Utbe''md°rment below, which is not vbh u'efhcts suited. * .F.rer'y thing
In ' j-.ct. tha d^woo^ars continued*1* uninterniptM possersioivjf dispute'^ or thtpl/s’riglu ofentryisnot ownership for thattime, e
*106 It is obvious that this statement of the case is too imperfect to authorise this court to determine that the court below decided erroneously. To enable us to say that the matter relied on by the defendant constituted a defence, the nature of the plaintiff’s title, and the evidence addu-cecj ⅛ support of it, ought to have been shown. But this ^ias n0*- keen d°nej and we áre left upon this subject entirely to conjecture. As we are bound, however, to presume in support of the decision of the court belotv, every thing which *s not inconsistent with the statement contained in the bill of exceptions, we njust take it for granted, that the plaintiff had the legal title to the land in controversy; that he entered upon his tract outside of the disputed boundary, but with an intention to take possession thereof and claiming title thereto, prior to any entry made thereon by the ddemlant. Assuming this to be the state of the case on P:írt: ^le pLiimtifF, he would have the legal title and the actual possession of the land in dispute; and to toll Iris *107 right of entry, and thereby prevent his recovery in an action of ejectment, it was necessary to shew, on the part of the defendant, an actual and continued occupancy of the land in dispute, for twenty years; and most certainly, the occasional cutting of timber upon the land, does not amount to such a continued occupanc .
ííaggin and Wickliffe for appellants, JJardin and Da-vkss contra,
Judgment affirmed with costs.